IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ABRAHAM B. MCFADDEN, )
)
Plaintiff, )
)
v. ) 1:16CV203
)
MS. SONJA FRYE, et al., )
)
Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Abraham B. McFadden, submitted a pro se complaint under 42 U.S.C. §1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names three hospital workers in Laurinburg, North Carolina as Defendants in the case. Plaintiff alleges that, while incarcerated at Scotland Correctional Institution, he suffered chest pain, causing prison officials to send him to the hospital. They called the hospital and informed an unidentified person that Plaintiff was coming with chest pains. Plaintiff arrived at the hospital and had to walk to the Emergency Room, where a worker, Defendant John Doe, directed him to sit and wait. Plaintiff was seen by a different employee an hour and a half later. That employee asked John Doe why Plaintiff was not wheeled into the hospital and given a bed. John Doe allegedly replied, "Old Bubba didn't say he was having chest pain. How was I suppose[d] to know that?" (Docket Entry 2, § V.) Plaintiff thereafter received a temporary room assignment until lab tests confirmed a heart problem which resulted in several days stay at the hospital. Early the next morning, the hospital transferred Plaintiff to a different room. Defendant Jane Doe then brought him

a tray with a piece of meat, two pieces of toasted bread, and milk. When Plaintiff asked for more food, Jane Doe allegedly told him that this is the food that prisoners receive, that prisoners get only finger food, and that the hospital fed prisoners differently than regular patients because otherwise prisoners would intentionally harm themselves in order to be sent to the hospital. Plaintiff stayed in the hospital four days and apparently received the same or similar food during his entire stay. He complained of being treated unfairly and was told by officers that all prisoners receive this type of food. Plaintiff claims that his treatment upon entering the hospital violated his rights because he was not immediately wheeled in and given a room, that John Doe's use of the term "Bubba" was a racist statement, and that giving him finger foods and different food than non-prisoner patients violated his constitutional rights and constituted illegal discrimination and cruel and unusual punishment.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Plaintiff's first allegation is that Defendant John Doe did not wheel him into the hospital and assign him a room as Plaintiff believes he should have given Plaintiff's

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

symptoms. To state a claim based on improper medical treatment Plaintiff must allege facts demonstrating that Defendant "acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Assuming that Plaintiff's chest pain was a serious medical need, his Complaint fails to allege facts showing that Defendant John Doe was aware of, and deliberately indifferent to, that need. In fact, when another employee questioned the lack of transport and a room assignment, John Doe stated that he was not aware of Plaintiff's chest pain. Plaintiff alleges that prison staff called the hospital ahead of his arrival to report the chest pain, but states no facts demonstrating that John Doe was aware of this at the time he directed Plaintiff to the waiting room. Plaintiff also fails to show any actual harm from the delay and cannot bring a claim for damages based purely on a mental or emotional injury. 42 U.S.C. § 1997e(e). Plaintiff fails to state any claim for deliberate indifference based on his medical treatment.

Plaintiff also claims that John Doe violated his rights by referring to him as "Bubba," which Plaintiff alleges is a racial slur. Assuming that this is correct, this does not state a claim for relief. As the United States Court of Appeals for the Fourth Circuit has noted concerning racially derogatory comments, "[w]hile the alleged statement was deplorable, mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983." Wilson v. McKeller, 254 F. App'x 960, 961 (4th Cir. 2007)(citing cases).

4

Also, to any extent that Plaintiff may be alleging that John Doe denied him treatment or a room assignment due to his race, he does not allege facts supporting such an allegation or show that prisoners of a different race received different or better treatment in similar circumstances.

Finally, Plaintiff alleges that Defendant Jane Doe violated his rights by serving him finger food which was also different from food given to non-prisoner patients in the hospital. Prisoners are not constitutionally entitled to the same food as non-prisoners or to food that requires utensils to eat. In order to state a claim related to his diet, Plaintiff would have to demonstrate that his diet was inadequate for human nutritional needs and that he suffered some type of adverse physical effects from the diet. Wilson v. Johnson, 385 F. App'x 319, 320 (4ht Cir. 2010) (unpublished). He absolutely makes no such allegations and sets out no facts to support such a claim in any event. Plaintiff's Complaint should be dismissed.[2]

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

---

[2] Plaintiff sets out no factual allegations against one of his named Defendants, Ms. Sonja Frye. He may seek to hold her responsible for some of the events in the Complaint, perhaps as a supervisor. If so, this fails because there is no supervisory liability under § 1983. Further, any claim that she controlled or participated in the events described in the Complaint fails for the same reasons already set out above.

5

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that the Court calculate an initial payment. Here, it appears that Plaintiff has no funds with which to make such a payment. Therefore, the Court will not order one, but will order that periodic payments be deducted from Plaintiff's prison trust accounts as funds become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of April of 2016, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 22nd day of March, 2016.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge